## Conewago Township v. Bucklew

*Donald B. Hoyt,* for plaintiff.
*John J. Moran,* for defendants.

CHRONISTER, *J.,* February 20, 1992—This matter is before the court on defendants' demurrer to the complaint.

Defendants, who reside in Ohio, own property in Conewago Township, York County, Pennsylvania. On July 2, 1991, the township's zoning hearing officer observed a travel trailer located on defendants' property. The township contends the trailer was in violation of section 410 of the Conewago Township Zoning Ordinance. Section 410 prohibits a dwelling unit *used for living purposes* which does not contain at least 700 feet of habitable floor space. The ordinance provides for a penalty of up to $500 for each day that a landowner is in violation.

Plaintiff notified defendants of the violation in writing, and ordered the defendants to cease and desist before July 15, 1991. Defendants failed to remove the travel trailer from the property. Plaintiff brought an action before a district justice to enforce the ordinance, alleging only a single violation. The district justice found in plaintiff's favor, and imposed a penalty of $500.

Defendants appealed the district justice's decision, and filed a rule upon plaintiff to file a complaint. In

the complaint plaintiff stated that defendant had committed a continuing violation from July 2, 1991, through August 5, 1991, and sought a penalty in the amount of $500 for each day during that period, totaling $17,000. Defendants filed preliminary objections to the complaint.

Defendants' first objection is that the complaint is deficient on its face in that it does not or can not aver that defendants were actually living in the trailer. Defendants' second objection is that the notice made reference only to a single violation. Defendants therefore had no notice that a continuing violation was being pursued. Defendants contend that the complaint should be dismissed because the failure to give notice regarding the continuing violation is a violation of federal and state constitutional due process requirements.

Defendants respond that it is not necessary for plaintiff to aver that the defendants are personally living in the trailer. Plaintiff argues that defendants as owners of the property are responsible for the fact that the trailer is present on the land in violation of the ordinance, even though they are not personally living in the trailer.

Plaintiff contends that there is no due process violation in regard to the notice because plaintiff has followed the provisions of the Municipalities Planning Code, 53 P.S. §10617.2(a) which permits per diem penalties without additional notice in certain circumstances. The Municipalities Planning Code §617.2(a) permits per diem fines *unless* the district justice, after determining the existence of a violation, "further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed

that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination by the district justice, and thereafter each day that a violation continues shall constitute a separate violation." Plaintiff states that the district justice did not specifically find that defendants had a good faith basis. Therefore, the ongoing per diem violation did not require an additional notice.

Finally, plaintiff contends that according to the MPC an action for a zoning ordinance violation is a civil proceeding, and therefore the criminal due process requirements do not apply.

On the first issue the court disagrees with counsel for both sides. Defendants are incorrect in saying that plaintiff must prove that defendants were personally living in the travel trailer. However, plaintiff is incorrect in stating that the mere presence of the travel trailer on the property is sufficient to find a violation of the ordinance. A travel trailer is not always used for living purposes, and for periods of time may remain vacant while it is being stored until its next use. Therefore, the mere allegation of the presence of a travel trailer on defendants' property without a statement that it was being used for living purposes, is insufficient as a matter of law to claim a violation of the Zoning Ordinance. Plaintiff would argue that since there is no other structure designed for living purposes on the property, the travel trailer must have been used for living purposes. That conclusion does not logically follow since there are many properties on which there are no structures designed for living purposes.

While noting that the complaint is deficient in the aforesaid manner, the court recognizes that the deficiency could be cured by amending the complaint to allege that the travel trailer was being used for living purposes by someone. Therefore, the court will proceed to discuss the notice issue.

Plaintiff claims notice of the continuing violation is not required because the district justice did not make a finding of good faith. The problem with this argument is that only a single violation was alleged before the district justice. Thus, the question of good faith, which only arises when a continuing violation is alleged, was never at issue before the district justice. Since good faith was not at issue, the lack of a good faith ruling obviously can have no significance.

However, there is an even more basic flaw in plaintiff's reasoning. The question of good faith does not apply to the issue of notice at all. The determination of lack of good faith merely permits the defendants to be held responsible for a continuing violation. However, it does not change the requirement that notice be given prior to filing a suit to enforce the ordinance, whether it be a single or continuing violation.

However, it is unnecessary to turn to state and federal due process requirements to determine whether proper notice was given as defendants contend. The notice requirements set forth in section 10616.1 of the M.P.C. subsection C(5) and C(6) which follow determine the outcome of this case.

"(C) An enforcement notice shall state at least the following:

"(5) that the recipient of the notice has the right to appeal to the Zoning Hearing Board within a pre-

scribed period of time in accordance with procedures set forth in the ordinance;

"(6) that failure to comply with the notice within the time specified, unless extended by appeal to the Zoning Hearing Board, constitutes a violation with possible sanctions clearly described."

Plaintiff's notice contains the following language:

"Pursuant to the provisions of the aforementioned ordinance, you as owner or operator of the above premises are hereby *ordered to cease and desist* from the cited violations on or before July 15, 1991. You are also notified that inspection will be made on or before that date to ascertain whether or not this order has been complied with. If it has not been complied with, you will be subject to the penalties established by the Conewago Township Ordinance in reference."

That language does not inform defendants that they have the right to appeal to the Zoning Hearing Board as required by section 616.1(C)(5). Nor does that language clearly describe the possible sanctions as required by section 616.1(C)6. Plaintiff's attempt to meet these requirements by mere reference to the township ordinance is insufficient as a matter of law. Since proper notice is required prior to instituting an action to enforce the ordinance the complaint must be dismissed.

## ORDER

And now, February 20, 1992, defendants' demurrer to the complaint is sustained, and the complaint is dismissed with prejudice.